IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Devron Brown,<br><br>      Petitioner,<br><br>v.<br><br>Warden M. V. Joseph,<br><br>      Respondent. | C/A No. 2:24-cv-5625-SAL<br><br>**ORDER** |

  Petitioner Devron Brown ("Petitioner"), a *pro se* litigant, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. [ECF No.1.] Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP"). He alleges BOP must immediately award him time credit under the First Step Act of 2018. [ECF No. 1.] Respondent moves to dismiss, or, in the alternative, for summary judgment on the ground that Petitioner failed to exhaust administrative remedies before filing his petition. [ECF No. 8.]

  This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Mary Gordon Baker pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), recommending that the court grant Respondent's motion for summary judgment. [ECF No. 13.] Attached to the Report was a notice advising Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 11. Petitioner has not filed objections, nor has he responded to the court, and the time for doing so has expired.

  The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation*." Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 13, and incorporates it by reference herein. As a result, Respondent's motion for summary judgment [ECF No. 8] is **GRANTED**.

**IT IS SO ORDERED.**

April 8, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge